# IN RE McCUTCHEON.

HABEAS CORPUS.—Upon an application for a writ of habeas corpus it appeared from the return that the petitioner was in the custody of a sheriff by virtue of a *mittimus* issued by a justice of the peace upon a judgment of conviction for a misdemeanor over which the justice had jurisdiction. Section 1182, fifth division of the Compiled Statutes, requires the judge before whom the writ shall be returned "to remand such party, if it shall appear that he is detained in custody by virtue of the final judgment or decree of any competent court of criminal jurisdiction, or upon any process issued upon such judgment or decree." *Held*, that the proceedings of the justice could not be reviewed to ascertain whether or not the docket entries of his court showed that the right of jury trial had been waived by the petitioner.

SAME— *Certiorari.* —The writ of habeas corpus cannot be made to perform the functions of a writ of *certiorari*, but such writ may be invoked in aid of habeas corpus in cases where there is no final judgment, and the petitioner is held upon process from which there is no appeal.

Original proceeding. Application for writ of habeas corpus.

*H. G. McIntire*, for Applicant.

The record in this case which is made a part of the petition

discloses the fact that the defendant in this action stood mute, made no plea, and no waiver of his right of trial by jury. Unless he expressly waived his right to a trial by jury the justice had no jurisdiction to determine the cause. No such waiver having been made, no trial has been had, and the pretended judgment entered in this case after the farce had been played is absolutely void. Prior to the adoption of the Constitution the court had no jurisdiction to hear, try, and determine the case at bar without the intervention of a jury, and the statute expressly provided that the defendant might waive a jury, but that in that case the court should make a minute of it. (Comp. Laws, p. 494, § 496, et seq.)

The Constitution, section 23, page 8, provides for a waiver of a jury only in the manner as provided by law. The legislature, in passing the statute above cited, recognized to its full extent the right of trial by jury, and that unless some provision was made for waiver, a jury must be impaneled in all cases, and in order that no question might be raised, and no advantage taken of a defendant, they further provided that in case a waiver was had, the justice of the peace, before whom the case was pending, should make a minute of it. It is a matter of grave doubt in the minds of some of the best jurists as to whether the legislature may provide a means whereby a defendant can waive a constitutional right.

Mr. Wharton, in his excellent work on Criminal Law, section 145 a, says: "The constitutional right of a trial by an independent jury whose deliberations are to be guarded against outside interference, are to be placed in the same category. These a defendant cannot waive," and he cites his Criminal Pleading and Practice, section 733, in which we find the following language: "Nor can a defendant, without express statutory authority, waive his right to a trial by jury on a plea of not guilty." (*State* v. *Maine*, 27 Conn. 281; *Dillingham* v. *State*, 5 Ohio St. 283; *Williams* v. *State*, 12 Ohio St. 622; *Hill* v. *People*, 16 Mich. 351; *State* v. *Lockwood*, 43 Wis. 403; *Neales* v. *State*, 10 Mo. 498; *State* v. *Mansfield*, 41 Mo. 470; *Wilson* v. *State*, 16 Ark. 601; *Cooper* v. *State*, 21 Ark. 228.) The following cases hold that a trial by jury cannot be waived, and the same take place before the court: *Bond* v. *State*, 17

Ark. 290; *People* v. *Smith,* 9 Mich. 193; *League* v. *State,* 36 Md. 259. The State of Michigan has passed upon this sub-ject, holding in the case of *People* v. *Smith,* 9 Mich. 193, that the right of trial by jury cannot be waived. Her Constitution on this subject reads as follows: " The right of trial by jury shall remain, but shall be deemed to be waived in all civil cases, unless demanded by one of the parties in such manner as shall be prescribed by law."

The Constitution of Montana is in effect the same, but includes with civil cases *criminal cases* not amounting to a felony. In view of the proceedings had before the justice of the peace, no legal cause can be shown for the imprisonment or restraint in this case. Such being the case, the court is required by the statute to discharge the defendant. (Comp. Laws, p. 977, § 1181.)

Section 1183, Compiled Laws, page 977, provides that the prisoner shall be discharged when the jurisdiction of the court or officer issuing the process has been exceeded. We are con-fident that it will not be argued that the justice in this case did not exceed his jurisdiction in pretending to try and determine the case before the defendant had waived his personal right to a jury trial as provided by law. (*Ex parte Parks,* 3 Otto, 18–24; *In re Ford,* 46 Wis. 553.) This was not a mere irregu-larity on the part of the justice.

If he had proceeded to impanel a jury in an irregular manner, that would have been an irregularity, or if, having impaneled a jury, any other irregularity should occur, it would come within the meaning of *Thompson* v. *State,* recently decided by this court. The court proceeded absolutely without authority to hear, try, and determine a case over which it could have no jurisdiction whatever until the defendant had waived his con-stitutional right.

The effect of the action of the court, then, is this: it has robbed the defendant of a constitutional right, not by a *mere irregularity,* but by an *unwarranted usurpation.*

*Henri J. Haskell,* Attorney-General, for the State.

The only point relied upon by petitioner is "that the court had no jurisdiction to render the judgment upon which the com-

mitment was issued," hence the judgment and the proceedings thereunder were void. This question does not go to the jurisdiction of the court or the cause, but rather to the exercise of that jurisdiction by the court in the matter of arraignment, plea, and trial. For jurisdiction of justices see last clause of section 6, page 404, Compiled Statutes. Proceedings and practice in Justices' Courts in criminal cases are found in chapter 19, page 491, Compiled Statutes. Where no statute exists allowing a commitment to be set aside on motion for any specific cause, the prisoner may look to the writ of habeas corpus for relief, otherwise not. (Church on Habeas Corpus, p. 180, § 1182, Comp. Stats.) The commitment was in accordance with sections 368, 391, 508, third division, Compiled Statutes. In *Territory* v. *Shipley*, 4 Mont. 471, the court say : "The record in this case does not show that the defendant was arraigned and pleaded to the indictment. Where the record does not, as in this case, disclose such arraignment and plea, unless there is something to show affirmatively that the defendant was not arraigned and did not plead, such arraignment and plea will be presumed." (See, also, *People* v. *Connor*, 17 Cal. 354; *People* v. *Thompson*, 28 Cal. 214; *People* v. *Robinson*, 17 Cal. 363; *People* v. *Dick*, 32 Cal. 213; *People* v. *Chung Lit*, 17 Cal. 320; *People* v. *Bealoba*, 17 Cal. 389.) If the record does not show such arraignment and plea, it may be amended to conform with the facts. (*Territory* v. *Clayton*, 8 Mont. 14.) The return in this case shows that the petitioner refused to plead; that he made no objection to the mode of trial, was sworn and testified in his own behalf, and argued his case to the court. The failure to object to a trial by the court was a waiver of a jury trial. (*Ward* v. *People*, 30 Mich. 116; *State* v. *Worden*, 46 Conn. 349; 33 Am. Rep. 27; *Dailey* v. *State*, 4 Ohio St. 57.) Petitioner contends that he could not, without express authority, waive his right to a trial by jury on a plea of not guilty before a justice of the peace. Considering the fact that not only the statute but the Constitution authorizes it, we fail to discover the force of his argument. (§ 486, p. 494, Comp. Stats.; § 23, art. iii. Const.) There is a great distinction between jurisdiction and the exercise of it. (Church on Habeas Corpus, § 223.) Jurisdiction is defined in *United States* v. *Arredondo*, 6 Peters,

691; *Grignon's Lessee* v. *Astor*, 2 How. 319; *Ex parte Watkins*, 3 Peters, 193; Church on Habeas Corpus, p. 288. When jurisdiction exists its exercise will not be inquired into. (*Ex parte Watkins*, 7 Peters, 573; *Ex parte Parks*, 93 U. S. 19, 20, 22; *Ex parte Lang*, 18 Wall. 166; *Ex parte Bridges*, 2 Woods, 431; *Ex parte Kenyon*, 5 Dill. 389; *Ex parte Shaffenberg*, 4 Dill. 389; *Ex parte Eldred*, 46 Wis. 539; *Ex parte Phinney*, 32 Me. 441; *Ex parte Corryell*, 22 Cal. 178; *Ex parte McCullough*, 35 Cal. 100; *Ex parte Stewart*, 1 Abb. Pr. 212.) When a prisoner is held by legal process the writ of habeas corpus does not operate by way of change of venue from the court or officer issuing the process of arrest to the court or officer issuing the habeas corpus. The latter writ, in such case, raises only the question of jurisdiction of the court or officer to issue the process of arrest. If anything can be settled by a long and uniform series of decisions this is. (*In re Booth*, 3 Wis. 1, 157; *In re Blair*, 4 Wis. 522; *In re O'Connor*, 6 Wis. 288; *In re Falvey*, 7 Wis. 630; *In re Boyle*, 9 Wis. 264; *In re Tarble*, 25 Wis. 390; 3 Am. Rep. 85; *In re Perry*, 30 Wis. 268; *In re Crandall*, 34 Wis. 177; *In re Semler*, 41 Wis. 517; *In re Pierce*, 44 Wis. 411; *Ex parte Parks*, 93 U. S. 18; §§ 1182, 1183, 5th div. Comp. Stats.)

HARWOOD, J.—The petitioner, in his application for a writ of habeas corpus, declares that he is unlawfully confined and restrained of his liberty by Joseph Hamilton, sheriff of the county of Cascade. The illegality of the confinement is alleged to consist in the facts "that the warrant of commitment upon which the petitioner is restrained is based upon a pretended judgment, which is void upon its face, the same having been rendered by one W. H. Race, he having at the time no jurisdiction to render the same, as appears from a transcript of the proceedings had in that behalf, a copy of which is hereto attached marked 'Exhibit A' and made a part of this petition." An order for a writ of habeas corpus was accordingly granted.

The return as made by Joseph Hamilton, sheriff of said county, contains a large amount of matter which is not properly placed in such return, and which we must treat as surplusage. The return contains what purports to be a narrative of all the

incidents of the institution of a criminal prosecution on the charge of "malicious mischief to property," under section 217, of the Criminal Laws; from the making of the complaint before a justice of the peace, to the final determination thereof by the justice assessing a fine of twenty dollars and costs against the accused, and the issuance of execution to carry the judgment into effect. The return even goes so far as to state what the justice said to the prisoner on his arraignment, and the reply of the prisoner thereto. To this irrelevent matter the petitioner has made an answer. This practice is clearly improper in a case like this. Our statute provides (§ 1173, Crim. Stats.): "The party upon whom such writ shall be duly served shall state in his return plainly and unequivocally."

*First* — Whether or not, he has the party in his custody, or under his power or restraint.

*Second* — If he has the party in his custody or power, or under his restraint, he shall also state the authority and cause of such imprisonment or restraint, setting forth the same at large.

*Third* — If the party be detained by virtue of any writ, warrant, or any other written authority, a copy thereof shall be annexed to the return, and the original shall be produced and exhibited to the judge on the hearing of such return.

*Fourth* — It is provided what the return shall show in case the party alleged to be unlawfully detained was in the custody of the party served with the writ at or before the date thereof, but such custody or restraint has since been transferred to another.

*Fifth* — It is provided that the return shall be signed, and in some cases verified by oath or affirmation.

Among the other matters set forth by the sheriff as "the authority and cause of such imprisonment or restraint" is contained very properly a copy of the writ of commitment, in the following terms:—

"STATE OF MONTANA, ⎱ ss.
COUNTY OF CASCADE. ⎰

"In the Justice Court, before W. H. Race, Justice of the Peace.

"*State of Montana*, plaintiff, v. *I. D. McCutcheon*, defendant.

"THE STATE OF MONTANA.

"To the sheriff or any constable of said county: Whereas, I. D. McCutcheon has this day been .duly convicted in said court of the crime of tearing down and destroying a building, committed in our said county on or about the twenty-sixth day of August, 1890. And whereas, upon such conviction it was considered and adjudged that for said offense the said I. D. McCutcheon be fined in the sum of twenty dollars.

"These are therefore to command you, the said sheriff, to take and receive the said I. D. McCutcheon into your custody, and imprison him in the jail of our said county until such fine be fully paid.

"Witness my hand, the 15th day of September, 1890.

                    "W. H. RACE, Justice of the Peace."

The return further says: "That he (the said sheriff) now detains the said petitioner in his custody under and by virtue of the authority conferred upon him by said *mittimus.*"

We will now pass directly to the consideration of the ground upon which the petitioner claims that he should be discharged from custody. That ground is, in brief, the fact that the docket entries of the justice of the peace in respect to said trial do not show that the prisoner waived the right of trial by jury before the justice proceeded to the trial of the charge against the prisoner; that the justice's docket is silent on that point, and therefore the petitioner demands his release under this writ. At the threshold of this consideration we are confronted by the provisions of section 1182, fifth division of the Compiled Statutes, as follows: "It shall be the duty of such judge, if the time during which such party may be legally detained in custody has not expired, to remand such party, if it shall appear that he is .detained in custody by virtue of the final judgment or decree of any competent court of criminal jurisdiction, or upon any process issued upon such judgment or decree, or in cases of contempt of court." What then are we directed by statute to consider in this case? We are to consider whether it appears by the proper return, that the prisoner is detained in custody, by virtue of the final judgment of a court of competent criminal jurisdiction, or upon any process issued upon such judgment. If we find

such to be the case we are commanded by statute to remand the prisoner.

The Justice's Court without doubt has jurisdiction of the misdemeanor of which the petitioner was convicted as appears by the return (§ 6, Crim. Prac. Act, and § 217, Crim. Laws, Comp. Stats.), namely, the malicious destruction or injury of a building, the property of another. The Justice's Court is clothed with power or jurisdiction to try and determine a criminal charge of that character; and in this case the return shows that the justice of the peace had jurisdiction of the person and the place. In this case we have then before us, by the return of the officer upon whom the writ of habeas corpus was served, a showing of a final process issued by virtue of the final judgment of a competent court of criminal jurisdiction; on the other hand, the petitioner alleges that his imprisonment is illegal, because the justice had no jurisdiction to render the judgment under which the commitment was issued, as appears from the transcript of the proceedings had in the case, a copy of which transcript petitioner alleges he has attached to his petition. Under this showing we are asked by the petitioner to review the proceedings of the justice of the peace in this matter, to find whether or not his docket shows that all the rights and privileges which the law guarantees to the prisoner were vouchsafed to him on the trial. The petitioner insists that the docket entries of the justice in the case wherein he was convicted does not show, as it should by the requirement of the statute (§ 438, Crim. Prac. Act), that the prisoner waived the right of a jury trial before the justice proceeded to try the case, and for this cause he contends that he should be discharged. Are we to review and determine the legality of the proceedings had before the justice, upon a return under the writ of habeas corpus? If so, then that writ in this case would also perform the office of the writ of *certiorari* and bring up the proceedings had before the justice for review; moreover, in the face of the statute quoted, *supra*, which commands us to remand the prisoner, if we find, by the return, that he is held under a process issued upon a final judgment of a competent court of criminal jurisdiction, we would be going back of that process, and reviewing the record of the incidents of the trial, which is not properly

before us.   This position is clearly against the provisions of the statutes and the authorities.

We have carefully read all the authorities cited by petitioner's counsel as well as others, and we find that in all the cases cited, which treat of the waiver of a jury, or the failure to waive a jury, or of the right of the court to try a criminal charge without a jury, the question came up regularly by appeal or writ of error, and not on habeas corpus.   The writ of *certiorari* is often invoked in aid of habeas corpus.   (*Ex parte Yerger*, 8 Wall. 85; *State* v. *Glenn*, 54 Md. 572; *State* v. *Neel*, 48 Ark. 283.)   In such a case, and by that means, the record is looked into to find whether the court has jurisdiction to hold the prisoner in custody.   He may be held by virtue of a bench warrant issued on an indictment charging an offense unknown to the law.   In such a case, on a view of the indictment, it is developed at once that the court has no jurisdiction to issue the warrant for the detention of the prisoner.   In a case like the one at bar, wherein the court had plenary jurisdiction to try the charge and render judgment, after final judgment, we cannot, on habeas corpus, review and pass upon the legality or illegality of the proceedings at the trial, because the statute limits and confines our inquiry to the question as to whether the final judgment is rendered, and the writ by virtue thereof is issued by a court of competent criminal jurisdiction.   If that question is determined in the affirmative, we have no legal authority to review, on habeas corpus, the proceeding at the trial whereby the final judgment was reached.   (§ 1182, fifth div. Comp. Stats.)   After final judgment the proceedings at such trial cannot be brought up by *certiorari* for review in aid of the writ of habeas corpus.   Under our statute, *certiorari* will not issue to bring up the record of an inferior tribunal for review in cases where there is an appeal, and in the case at bar the petitioner has the right to appeal from the final judgment.   (§ 510, Crim. Prac. Act.)   It is not so in cases where *certiorari* is resorted to for the purpose of bringing up the proceedings for review to aid habeas corpus, where the petitioner is held by warrant on an indictment, or on a preliminary hearing.   In such case there is no final judgment, nor does the petitioner have an appeal, therefore *certiorari* will issue to review the record.   (*Ex parte Yerger*, and other

cases cited, *supra*.) In a case, like the one at bar, where final judgment has been passed on a charge within the jurisdiction of a justice, if we should review the record on habeas corpus, and, for the reason that some essential provision of the law pertaining to the trial has been ignored, annul the proceedings, then we would be in fact exercising an appellate jurisdiction directly over the justice of the peace courts, where we have no such jurisdiction, except when the cases come to us by appeal, first to the District Court, and then to this court.

The writ of habeas corpus cannot perform the office of a writ of error. (*Ex parte Lehmkull*, 72 Cal. 53; *Sennott's Case*, 146 Mass. 489; 4 Am. St. Rep. 344.)

The petition must therefore be dismissed, and the prisoner remanded.

It is so ordered.

BLAKE, C. J., and DE WITT, J., concur.