STATE ex rel. MARION *v.* REYNOLDS, SHERIFF.

[Submitted April 30, 1894. Decided May 3, 1894.]

CRIMINAL LAW—*Stay of execution.*—The approval by the court, pending a motion for a new trial and for a stay of execution, of a bond conditioned for the defendant's appearance and obedience to all orders of the court does not by implication stay execution of the sentence, and the defendant may be lawfully imprisoned pending the determination of the motion for a new trial.

SAME—*Imprisonment for costs.*—When costs of prosecution are required by the statute under which a conviction is had to be included in the fine assessed, the defendant may properly be imprisoned under a judgment including such cost as part of the fine.   (*State* v. *Sullivan,* 9 Mont. 494, cited.)

CONSTITUTIONAL LAW—*Selling liquor.*—Section 261, division 4, of the Compiled Statutes, prohibiting the sale of liquors in any place where women or minors are employed, is constitutional, being a proper exercise of police regulation.

APPLICATION for writ of *habeas corpus.* Petitioner remanded.

*George Haldorn,* and *C. L. Campbell,* for Relator.

*Henri J. Haskell, attorney general,* for the State, Respondent.

I.   The act is constitutional.   The right to engage in the occupation or business of keeping a beer hall, and engaging in the sale of liquor where women are employed for the purposes of the business therein carried on is not an inherent right of citizens.   (*Ex parte Christensen,* 85 Cal. 213; *Ex parte Sing Lee,* 96 Cal. 359; 31 Am. St. Rep. 218; *In re Maguire,* 57 Cal. 605, 610; 40 Am. Rep. 125; *Ex parte Filchlin,* 96 Cal. 360; 31 Am. St. Rep. 223; *Crowley* v. *Christensen,* 137 U. S. 91; *McKinney* v. *State,* 3 Wyo. 727.)

II.   It is not objectional as class legislation.   (*Ex parte Kuback,* 85 Cal. 275; 20 Am. St. Rep. 226; *In re Ah Fong,* 3 Saw. 151; *Ah Kow* v. *Nunan,* 5 Saw. 564.)

III.   It is a proper exercise of police power.   (*Wynehamer* v. *People,* 13 N. Y. 451; *Chy Lung* v. *Freeman,* 92 U. S. 275; *People* v. *Cregier,* 138 Ill. 418; *Ex parte Hayes,* 98 Cal. 555.)

Per CURIAM.—This is an application for discharge from imprisonment, through the writ of *habeas corpus.*

It appears that relator was indicted and convicted under the provisions of section 261, page 578, of the Compiled Statutes, which reads as follows: "That hereafter it shall be unlawful

for any person or persons, company or corporation, to sell or dispose of any spirituous, vinous, or malt liquors in any room, hall, or other place where women or minors are employed or are allowed to assemble for the purpose of the business therein carried on." And the penalty of fine in the sum of three hundred dollars and costs, together with imprisonment sixty days in the county jail, was assessed as punishment, on the verdict of the jury. At the close of the trial, defendant announced his intention to move for a new trial, and thereupon moved the court to stay execution, pending determination of said motion, on defendant's giving a good and sufficient bond, to be approved by the court conditioned for his appearance, and obedience to all orders of court in the case. Thereupon, as disclosed by the record, defendant procured to be executed on his behalf a bond conditioned as mentioned, which was approved by the court, and filed; but, without granting any stay of execution, the court sentenced the prisoner according to the verdict, and ordered him into custody, for imprisonment, as provided by the judgment.

The first point insisted on by prisoner's counsel as ground for discharge is that by reason of having produced said bond, and the same having been approved by the court, and filed, the court, in effect, by implication, granted a stay of execution pending the determination of the motion for new trial; or, as otherwise stated, that the court, while retaining defendant's bond or stay, could not lawfully imprison him on the judgment during the pendency of said motion for new trial.

The facts shown hardly bear the interpretation insisted on by defendant's counsel. It does not follow that because certain things were done looking toward a stay of the execution, the court, by implication, had granted such stay. If so, the moving for some order which the court may grant or refuse, and the filing of a bond in the premises, which the court might readily approve if requested so to do, while still considering the propriety of granting the order sought, would commit the court as having granted the order moved for, unless the court made some special order, annulling the bond, to escape from the implication that the motion had been granted. This view is wholly untenable.

Secondly, it is affirmed that the imprisonment of defendant on this conviction is illegal because the judgment includes the cost of prosecution as part of the fine. By reference to the statute under which the conviction was had it will be seen that the costs of prosecution are required to be included in the fine assessed. Therefore, this objection is untenable. (*State* v. *Sullivan*, 9 Mont. 494.) Moreover, if the statute was so framed that the costs could not be properly included in the fine the prisoner would not, for that reason, be entitled to discharge at this time, because it appears that he is confined at present on the judgment for imprisonment independently of the fine.

Thirdly, petitioner's counsel urge the proposition that the provisions of said statute are unconstitutional because, in effect, it prohibits a certain class, *i. e.*, women, from being employed in a place where intoxicating liquors are sold, and therefore restrains such persons from engaging in a lawful employment. This statute does not forbid the employment of women or minors, but it does prohibit all persons and companies from selling intoxicating liquors in a place where women or minors are employed or assembled for the purposes of the business. There appears to be wisdom and propriety in this provision, as a police regulation, and we fail to find in it the infringement of any provision of our constitution. The California court, in cases cited on this point, had under consideration constitutional provisions which are not found in the constitution of this state, and which also appear to have been greatly modified by revision of the California constitution since the cases relied on were decided.

Other points were urged, relating to procedure, which are not pertinent to the inquiry on *habeas corpus*. Besides, the record of court proceedings is not properly before us in this proceeding. (*In re McCutcheon*, 10 Mont. 115.)

Finding no ground for discharge of petitioner he must be remanded to custody, and the order of this court will be entered accordingly. Prisoner remanded.

All concur.