THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, DEFENDANTS IN CERTIORARI, v. ALFRED G. GREINER ET AL., PLAINTIFFS IN CERTIORARI.

Argued June 10, 1902—Decided November 10, 1902.

1. Traffic in intoxicating drinks may be restricted by fair police regulation, notwithstanding it is being conducted under previous license of the municipal authority imposing the restriction.
2. It is a fair police regulation to prohibit any keeper of a house of public entertainment, where intoxicating drinks are sold, from permitting the assembling of females there for the purpose of enticing customers.

---

*On certiorari.*

Before Justices GARRISON and COLLINS.

For the plaintiffs in *certiorari, John J. Fallon.*

For the defendants in *certiorari, James F. Minturn.*

The opinion of the court was delivered by

COLLINS, J.   This writ brings up the conviction of Alfred G. Greiner of "having, on December 12th, 1901, permitted the assembling of females at the saloon 41 Third street, in the city of Hoboken, New Jersey, for the purpose of enticing customers, in violation of an ordinance of the city of Hoboken entitled 'An ordinance concerning inns and taverns and other places of public entertainment in the city of Hoboken and to prevent the sale of intoxicating drinks by females,' approved July 25th, 1901."

The validity of the ordinance cited has already been adjudged by this court.   *Hoboken* v. *Goodman, ante p.* 217. The difference between this case and that is that Greiner had a license granted under the city charter, which statute authorizes the city council to grant licenses "to keep a house of public entertainment for the sale of a traffic in spirituous, vinous or other intoxicating drink or drinks."   Such license was granted April 30th, 1901, for one year, unless sooner revoked, and was upon condition that the licensee should, during the term, "keep and observe all the laws of this state and ordinances of the city relative to inns and taverns and houses of public entertainment."

The license fee exacted was not proved, but, under general legislation, it could not have been less than $250.   The argument for the licensee is that it was not competent for the city council after receiving a license fee not merely regulative to impose on him, during the term of his license, a restriction non-existent when the license was granted.   A reasonable construction of the condition of the license would seem to subject it to future as well as extant general ordinances of the city; but, apart from this, traffic in intoxicating drinks, nominally illegal under the polity of this state, is always subject to fair police regulation.   The authorities are collected in the Goodman case, above cited.   The only question in this cause is whether the regulation disregarded was a fair one. We think it was.   It is difficult to imagine a course of conducting a liquor saloon more deserving of reprobation than the permitting the assembling there of women for the purpose

of enticing customers. If, as we have held, the employment of barmaids may be prohibited, much more so may the practice plainly tending to immorality and disorder, of which the conviction before us adjudges the saloonkeeper to be guilty. His conviction will be affirmed, with costs.

The writ also calls for the review of proceedings against two women for violation of the same ordinance. As no conviction of these persons is returned, the writ as to them will be dismissed, but without costs.