CHARLES O. NELSON, as Chief of Police of the City of Miami, a municipality of and in Dade County, Florida, v. THE STATE OF FLORIDA, on the relation of HERMAN GROSS.

26 So. (2nd) 60                      January Term, 1946
May 7, 1946                                  En Banc
Rehearing denied May 31, 1946

J. W. Watson, Jr., for appellant.

Vincent C. Giblin, for appellee.

Gramling & Gramling as amicus curiae.

TERRELL, J.:

Section 24, Chapter 26, of the City Code of Miami, provides that "no minor shall be employed by any vendor whose principal business is the sale of intoxicating liquors and *no female shall be employed for the purpose of, or be permitted, to serve any liquors by the drink over any bar or counter.*"

The appellee, Herman Gross, was arrested on a charge that he "did then and there employ and permit a female to serve liquor by the drink over a bar or counter," contrary to the quoted part of the City Code underscored. He applied for and secured a writ of habeas corpus on the theory that the City was devoid of power to enact or enforce the pertinent part of the City Code and that it was void because in conflict with various provisions of the State and Federal Constitutions. A return to the writ was filed, and on final hearing the provision of the Code was held to be invalid and the petitioner was discharged. This appeal is from the final judgment.

The first question presented is whether or not the City of Miami had power to enact a law prohibiting the employment of women as barmaids to serve liquor by the drink over the bar.

Appellee Gross contends that the State Beverage Act, Chapters 561 and 562, Florida Statutes 1941, is a general, comprehensive act, designed to regulate all phases of the sale, distribution, and manufacture of intoxicating beverages; that it is statewide in its application and leaves nothing in the way of regulation for the municipalities, except such as pertain to hours of sale, location of the business, and sanitary requirements.

To support this contention, appellee relies on City of Miami v. Kichinko, 156 Fla. 128, 22 So. (2nd) 627, and similar

cases. In the Kichinko Case we were confronted with an alleged clash of State and Municipal power with reference to the licensing of liquor houses, and we there held that the state law was controlling as to licensing but that the city ordinance might regulate the hours of sale, location of places of business, and prescribe sanitary restrictions. It was not intended to foreclose every phase of municipal regulation by this pronouncement.

In the case at bar a phase of regulation is injected that was not involved or considered in the Kichinko Case; viz., the employment of women to serve liquor by the drink over the bar. The employment of women to dispense liquor is not a part of the State Beverage Act, and the manner of their employment in no way affects the purpose of that act. Section 168.07, Florida Statutes of 1941, and other provisions of the General Law and the City Charter, award the City broad police powers to regulate in the interest of the general welfare, and these powers should not be stricken down, unless they run afoul of some provision of the State Beverage Act.

An authorized municipal regulation that does not infringe on the State's plan to license and regulate the sale of intoxicating liquors should not be held bad, absent an express purpose to do so. This is especially true when, as here, the State plan does not touch the phase regulated and the City has power to enact it. Another fact pertinent to this discussion is that no female is here complaining. While we do not decide the point, if that were the case, a different question might be presented. It may be ridiculous, as appellee contends, to permit women to own and operate a liquor house, to mix and serve drinks to customers around the bar, to perform any other duty in a liquor store that an adult man performs, and then say that she cannot serve drinks *over* the bar, but the question of ridiculousness vel non is not a judicial question. We think the City had power to enact the law assaulted and that it is not in conflict with the State Beverage Act.

On Constitutional grounds, appellee contends that the regulation drawn in question is void because it has no reasonable relation to the public health, peace, safety, morals, or welfare.

It is settled law that a police regulation must be reasonable and bear some substantial relation to the public health, peace, safety, morals, or welfare. The courts of this country have repeatedly upheld police regulations forbidding the labor or presence of women in saloons or limiting the hours of work for women in liquor establishments. Hoboken v. Greiner, 68 N.J.L. 592, 53 Atl. 693; Marion v. Reynolds, 14 Mont. 383, 36 Pac. 449; Foster v. Police Commissioners, 102 Calif. 483, 37 Pac. 763. Regulating the employment of women in the liquor business is a matter quite apart and distinct from regulating the sale of liquor.

It may be said that the position here taken is out of rapprochement with modern liquor trends, and it may be said that, in upholding the provision of the City Code drawn in question, we are clinging to a dogma that is outmoded; that we should refurbish our thinking and clothe it in present day concepts. The answer to these charges is that they should be addressed to the Legislature. Courts may extend a statute to new conditions as they arise, they may adjust constitutional and statutory provisions to fit changing social concepts, but, in doing this, they are not permitted to remake or distort the statute so as to change its meaning. The Legislature and not the courts must, therefore, determine whether or not and to what extent females shall be permitted to dispense grog across the bar. The voice of the Legislature and not the voice of the public is the legal barometer by which the court must determine liquor trends.

The judgment appealed from is, therefore, reversed, with directions to uphold the act and decree accordingly.

Reversed with directions.

CHAPMAN, C. J., BROWN and ADAMS, JJ., concur.

BUFORD, THOMAS and SEBRING, JJ., dissent.