425 So.2d 174 (1983)
STATE of Florida, Petitioner,
v.
Joseph REDNER, Respondent.
No. 82-506.
District Court of Appeal of Florida, Second District.
January 14, 1983.
E.J. Salcines, State Atty., and Darlene Rebowe and Elizabeth L. Hapner, Asst. State Attys., Tampa, for petitioner.
*175 Donald E. McLawhorn, Tampa, for respondent.
GRIMES, Judge.
The state files this petition for writ of certiorari to review an order of the circuit court which reversed the county court and declared invalid City of Tampa ordinance 25-9.
The respondent was arrested for violating that portion of city ordinance 25-9 which makes it unlawful for any employer of persons working where alcoholic beverages are sold to permit them to remain in such employment longer than forty-eight hours without having registered with the police department.[1] Respondent attacked the ordinance as unconstitutional and contended that the city did not have authority to pass such an ordinance. The county court denied the respondent's motion to dismiss. Respondent then pled nolo contendere, reserving his right to contend on appeal that the motion was improperly denied. On appeal, the circuit court reversed on the premise that the city had no authority to enact ordinance 25-9 because the State of Florida had preempted the subject matter of the ordinance.
The argument for preemption is that the legislature has already enacted comprehensive state laws regulating the sale of alcoholic beverages. In Edwards v. State, 422 So.2d 84 (Fla. 2d DCA Nov. 19, 1982), we recently rejected the contention that the City of Venice could not pass an ordinance pertaining to the possession of cannabis and cocaine simply because of the passage of the Florida Comprehensive Drug Abuse Prevention and Control Act. We explained that under Home Rule a municipality may now enact legislation on a topic already visited by state law except in those areas where the subject matter has been expressly preempted by the constitution or state law or when the ordinance directly conflicts with state law.
Section 562.45(2), Florida Statutes (1981), reads as follows:
Nothing in the Beverage Law contained shall be construed to affect or impair the power or right of any incorporated municipality of the state hereafter to enact ordinances regulating the hours of business and location of place of business, and prescribing sanitary regulations therefor, of any licensee under the Beverage Law within the corporate limits of such municipality.
This statute implies that local control of establishments selling alcoholic beverages is limited to: (1) hours of operation; (2) location of business; and (3) sanitary regulations. Clearly, the Tampa ordinance is not directed to any of the foregoing topics. However, in Nelson v. State, 157 Fla. 412, 26 So.2d 60 (1946), our supreme court construed the identical language as not limiting municipal regulation to these three areas of subject matter. In the face of a preemption argument, the Nelson court upheld an ordinance prohibiting the employment of females to serve liquor,[2] a restriction which intrudes far more into the scheme of state regulation than the subject matter of ordinance 25-9. Hence, we cannot say that the subject matter of Tampa's ordinance has been expressly preempted by state law. See also Board of County Commissioners v. Dexterhouse, 348 So.2d 916 (Fla.App. 1977).
A state statute always prevails over a conflicting municipal ordinance. Rinzler v. Carson, 262 So.2d 661 (Fla. 1972). Therefore, the final question is whether Tampa's ordinance conflicts with state law. Respondent fails to point to any provision of the state beverage laws which is inconsistent with the Tampa ordinance. To require employees to register with the city does not restrict the circumstances under which alcohol may be sold, nor does it purport to regulate who may be employed to sell alcoholic *176 beverages. If anything, an argument can be made that ordinance 25-9 serves to implement section 562.13(3)(a), Florida Statutes (1981), which prohibits licensed vendors from employing persons with criminal records as manager or bartenders. By requiring employees to register, the names of those with previous convictions may come to light.
We hold that the order determining City of Tampa ordinance 25-9 to be null and void is contrary to the essential requirements of law. We hereby grant certiorari and quash the order of the circuit court and direct that the order of the county court be reinstated.
OTT, C.J., and BOARDMAN, J., concur.
NOTES
[1] The balance of the ordinance requires the employees to register and be fingerprinted and photographed within forty-eight hours of their employment.
[2] The ordinance was ultimately stricken as being unreasonable to women. Brown v. Foley, 158 Fla. 734, 29 So.2d 870 (1947).