Mr. Neal E. Young City Attorney City of Winter Haven Post Office Box 2277 Winter Haven, Florida 33880
Dear Mr. Young:
This is in response to your request for an opinion on substantially the following question:
 DOES A MUNICIPALITY ESTABLISHING A COMMUNITY REDEVELOPMENT AGENCY PURSUANT TO PART III, CH. 163, F.S., HAVE THE AUTHORITY TO ALTER THE COMPOSITION OF THE BOARD OF COMMISSIONERS OF THE COMMUNITY REDEVELOPMENT AGENCY FROM THAT PRESCRIBED BY STATUTE?
The Community Redevelopment Act of 1969, Part III of Ch. 163, F.S., was enacted to enable counties and municipalities to eliminate and prevent the development or spread of slums and urban blight and to encourage community redevelopment and provide for the redevelopment of slums and blighted areas. See, s 163.340(9), F.S., defining "community redevelopment project" as the "undertakings and activities of a county, municipality, or community redevelopment agency in a community redevelopment area for the elimination and prevention of the development or spread of slums and blight and may include slum clearance and redevelopment in a community redevelopment area, rehabilitation or conservation in a community redevelopment area, or any combination or part thereof in accordance with a community redevelopment plan and may include the preparation of such a plan." See also, ss 163.340(10) and (11), F.S., respectively defining "community redevelopment area" and "community redevelopment plan." A municipality, upon a finding of necessity as set forth in s 163.355, F.S., and upon a further finding that there is a need for such an agency to function in the municipality to carry out the community redevelopment purposes of Part III, Ch. 163, F.S., may create a public body corporate and politic known as a "community redevelopment agency"; said agency to be constituted as a public instrumentality and the exercise of the powers conferred by Part III to be deemed to be the performance of an essential public function. Section 163.356(1), F.S.
Subsection (2) of s 163.356, F.S., provides that when the governing body of a municipality has adopted a resolution declaring the need for a community redevelopment agency, that body shall by ordinance appoint a board of commissioners as the governing body of the community redevelopment agency; the board of commissioners shall consist of not fewer than five or more than seven commissioners. See also, s 163.356(3)(b), F.S., providing in pertinent part that any persons may be appointed as commissioners of the agency provided that they reside or are engaged in business (defined as owning a business, practicing a profession or performing a service for compensation, or serving as an officer or director of a corporation or other business entity so engaged) within the area of operation of the community redevelopment agency which shall be coterminous with the area of operation of the municipality, and who are otherwise eligible for such appointment.
As an alternative to the appointment of the board of commissioners provided in s 163.356(2), s 163.357(1), F.S., provides that the governing body may, at the time of the adoption of a resolution under s 163.355 or at any time thereafter, declare itself to be the community redevelopment agency, in which case all the rights, powers, duties, privileges and immunities vested by Part III, Ch.163, F.S., in such agency shall be vested in the governing body of the municipality, subject to all responsibilities and liabilities imposed or incurred. [Section 163.357(1), F.S., was amended by s 5, Ch. 84-356, Laws of Florida, effective October 1, 1984, and, as amended, provides that if the governing body of the municipality declares itself to be an agency which is already in existence, the new agency shall be subject to all of the responsibilities and liabilities imposed or incurred by the existing agency. Section 5 of Ch. 84-356 further amends s 163.357(1) to provide that the members of the governing body of the municipality shall be the members of the agency but shall constitute the head of a legal entity, separate, distinct and independent from the governing body of the municipality.] Section 163.357(1), F.S., states that if the municipal governing body declaring itself to be the community redevelopment agency consists of five members, it may appoint two additional persons to act as members of the agency. You inquire as to whether the City Commission of the City of Winter Haven, if it declares itself to be the community redevelopment agency pursuant to s 163.357(1), may alter the composition of the board of commissioners of the agency by changing the ratio or number of city commissioners and citizens sitting on the board from that prescribed in s 163.357(1).
Part III, Ch. 163, F.S., grants to the governing body of a municipality the option to create a community redevelopment agency upon a finding of necessity as prescribed in s 163.355, F.S., and a finding for a need for such an agency to operate within the municipality. It also prescribes with particularity the structural organization and powers of such agencies and the composition and number of the members thereof and their terms of office. I find no provision in Part III, Ch. 163, F.S., however, which delegates the authority or otherwise authorizes or empowers the city commission to alter the statutorily prescribed composition of the community redevelopment agencies or to increase or decrease the number or ratio of the members of the agency's governing body. See generally, First Nat. Bank of Key West v. Filer, 145 So. 204, 207
(Fla. 1933) (authority of public officers to proceed in a particular way or only upon specific conditions implies a duty not to proceed in any other manner than that which is authorized by law); Alsop v. Pierce, 19 So.2d 799 (Fla. 1944). Cf., AGO 78-115 wherein this office stated that whereas the Legislature had prescribed with particularity the structural organization of industrial development authorities and the composition, terms and cycles of office of their members, the board of county commissioners was precluded from altering such matters as the prescribed composition or number of the authority members. See also, AGO 84-56 stating that while the Legislature has determined and specified the term and cycle of office for the entire membership of the governing body of a municipal housing authority (see, e.g., s 421.05, F.S.), no power has been delegated by the Legislature to the appointive authority, i.e., the governing body of the city, to alter or change the date such cycles and terms of office commence or end or to establish preexisting or future cycle terms of office for the membership of previously established housing authorities; and compare, AGO's 84-55 and 84-50. While municipalities possess home rule powers, such powers are not unlimited and in those instances where a municipal ordinance is in conflict with a state statute, the ordinance must fail. See, City of Miami Beach v. Rocio Corp., 404 So.2d 1066, 1069-1070 (3 D.C.A. Fla., 1981), pet. for rev. denied, 408 So.2d 1092 (Fla. 1981), wherein the court stated that "[o]ne impediment to constitutionally derived legislative powers of municipalities occurs when the municipality enacts ordinances which conflict with state law. . . . Municipal ordinances are inferior to state law and must fail when conflict arises"; thus while "legislation may be concurrent, enacted by both state and local government in areas not preempted by the state, concurrent legislation enacted by municipalities may not conflict with state law." See also, Rinzler v. Carson, 262 So.2d 661 (Fla. 1972); Edwards v. State,422 So.2d 84 (2 D.C.A. Fla., 1982); and State v. Redner, 425 So.2d 174 (2 D.C.A. Fla., 1983). Since the Legislature has prescribed with particularity the composition of the board of commissioners of community redevelopment agencies established pursuant to Part III, Ch. 163, F.S., and has not delegated to the governing body of the municipality the power or authority to alter the composition of such boards except as set forth therein, I am of the opinion that the City Commission of the City of Winter Haven may not enact an ordinance appointing a board of commissioners of a community redevelopment agency, the composition of which is in conflict with that prescribed in Part III, Ch. 163.
Accordingly, it is my opinion until and unless judicially or legislatively determined to the contrary that the governing body of a municipality in establishing a community redevelopment agency pursuant to Part III, Ch. 163, F.S., the Community Redevelopment Act of 1969, as amended, does not have the authority to alter the composition of the board of commissioners of the community redevelopment agency from that prescribed by statute.
Sincerely,
Jim Smith Attorney General
Prepared by:
Joslyn Wilson Assistant Attorney General