NESBITT, Judge.
We affirm the trial court’s final judgment holding City of Miami Beach zoning ordinance No.-1891, section 27-1.D.3 unenforceable. Although we agree with the result reached by the trial court, we base our holding on the grounds asserted by Amoco Oil Company (Amoco) in its cross-appeal. See In re Yohn’s Estate, 238 So.2d 290 (Fla.1970); Crown Life Ins. Co. v. Garcia, 424 So.2d 893 (Fla. 3d DCA 1982). We hold that by enacting section 563.02, Florida Statutes (1985),[1] the legislature has expressly preempted the city’s authority to enact zoning ordinances prohibiting the sale of beer, by state-licensed, gasoline filling stations, for off-premises consumption. See 1976 Op. Att’y Gen. Fla. 076-211 (Oct. 18, 1976); 1962 Op. Att’y Gen. Fla. 062-123 (Oct. 1, 1962).
A city or municipal ordinance is invalid to the extent that it attempts to regulate an area expressly preempted to state government. § 166.021(3)(c), Fla.Stat. (1985); see General Elec. Credit Corp. v. Metropolitan Dade County, 346 So.2d 1049, 1054 (Fla. 3d DCA 1977); cf. Texas Co. v. City of Tampa, 100 F.2d 347 (5th Cir.1938) (state statute prohibiting gasoline filling stations in certain portion of city superseded city ordinance dealing with same subject). Section 563.02(l)(a) expressly provides that state regulation preempts municipal and county zoning ordinances to the extent that they attempt to regulate licensed vendors of beer for off-premises consumption.
*610 Zoning encompasses regulating the use to which owners may put their real property. See Staninger v. Jacksonville Expressway Authority, 182 So.2d 483 (Fla. 1st DCA 1966); Josephson v. Autrey, 96 So.2d 784 (Fla.1957); Black’s Law Dictionary 1450 (5th ed. 1979). Since the ordinance amounts to an attempt to limit how Amoco may use its property, clearly it is preempted by section 563.02(l)(a), which expressly preempts local zoning of licensees.
Claiming that section 563.02(l)(a) does not invalidate its ordinance, the city cites a number of cases where Florida courts have upheld local ordinances regulating certain activities where they occur concurrently with the sale of alcoholic beverages by licensees. See e.g., Nelson v. State ex rel. Gross, 157 Fla. 412, 26 So.2d 60 (1946); City of Miami Springs v. J.J.T., Inc., 437 So.2d 200 (Fla. 3d DCA 1983); Board of County Comm’rs of Lee County v. Dexterhouse, 348 So.2d 916 (Fla. 2d DCA 1977), affirmed sub nom, Martin v. County Comm’rs of Lee County, 364 So.2d 449 (Fla.1978), appeal dismissed, 441 U.S. 918, 99 S.Ct. 2024, 60 L.Ed.2d 392 (1979). All of the cited cases, however, involve ordinances prohibiting behavior concurrent with the sale of beverages for consumption on the premises of the licensees. The decision in each of these cases was, therefore, unaffected by section 563.02(l)(a) which expressly applies only to vendors of beer for consumption off the premises and is, therefore, controlling here. In addition, the ordinances upheld in those cases were approved because they were construed to be aimed at ensuring “the discipline and good order of persons while in establishments selling alcoholic beverages.” Dexterhouse, 348 So.2d at 919. Accord J.J.T., Inc., 437 So.2d at 205; see Nelson, 26 So.2d at 60. The ordinance at issue here is not aimed at controlling customers’ behavior in filling stations but is clearly an attempt to prevent a state-licensed vendor from selling alcoholic beverages. Accordingly, the trial court’s final order is affirmed.

. In pertinent part section 563.02, Florida Statutes (1985) provides:
563.02 License fees; vendors; manufacturers and distributors.
(1) Each vendor of malt beverages containing alcohol of more than 1 percent by weight shall pay an annual state license tax as follows:
(a) Vendors operating places of business where beverages are sold only for consumption off the premises, an amount equal to 50 percent of the amount of the license tax herein provided for vendors in the same county operating places of business where consumption on the premises is permitted. Vendors holding such off-premises sales licenses shall not be subject to zoning by municipal and county authorities. (Emphasis added.)