348 So.2d 916 (1977)
The BOARD OF COUNTY COMMISSIONERS OF LEE COUNTY, Florida, and Frank Wanicka, Sheriff of Lee County, Florida, Appellants,
v.
Robert DEXTERHOUSE and Andy Martin, Appellees.
No. 76-1442.
District Court of Appeal of Florida, Second District.
July 20, 1977.
Rehearing Denied September 1, 1977.
*917 Julian Clarkson, James T. Humphrey, County Atty., and Kenneth A. Jones, Asst. County Atty., Fort Myers, for appellants.
Wilbur C. Smith, III, of Smith, Carta & Snow, Fort Myers, for appellee Andy Martin.
SCHEB, Judge.
Appellant Lee County enacted an ordinance making it unlawful for those who sell alcoholic beverages for consumption on the premises to permit females to expose their breasts on the premises. Appellees, who operate affected businesses in the unincorporated areas of the county, challenged the ordinance as being unconstitutional. The trial court held those portions which had the effect of proscribing topless dancing were overbroad and in violation of first amendment rights, and enjoined enforcement by the county and its sheriff. We hold the ordinance is a valid exercise of the police power by the Board of County Commissioners of Lee County. We reverse.
Appellees began featuring "topless dancing" at their establishments, whereupon the County Commissioners enacted the challenged Ordinance No. 75-9, the relevant portions of which provide as follows:
SECTION 2. PROHIBITION
2.1 It shall be unlawful for any person maintaining, owning or operating a commercial establishment located within the unincorporated areas of Lee County, Florida, at which alcoholic beverages are offered for sale for consumption on the premises:
A. To suffer or permit any female person while on the premises of said commercial establishment, to expose to the public view that area of the human female breast at or below the areola thereof... .
2.1(sic) It shall be unlawful for any female person, while on the premises of a commercial establishment located within the unincorporated areas of Lee County, Florida, at which alcoholic beverages are offered for sale for consumption on the premises, to expose to public view that area of the human female breast at or below the areola thereof... .
Arguing they would sustain irreparable injury through criminal prosecution and loss of business, appellees filed for a declaratory judgment contending said ordinance was unconstitutional. Appellees asked the court to enjoin the county and its sheriff from enforcing its provisions against them. In holding the above-quoted sections of the ordinance void, the trial judge stated:
The case of Salem Inn, Inc. v. Frank, 522 F.2d 1045 (1975), however, is in point. There, the Federal Circuit Court of Appeals, Second Circuit, struck down a town ordinance nearly identical to the Ordinance in question on the ground that the ordinance was invalid for overbreadth under the First Amendment to the Constitution of the United States. Without comment on whether this Court agrees or disagrees with the decision in the Salem Inn case, this court feels, nevertheless, bound to follow the Federal decision on a point of Federal law.
*918 At the outset we observe that the Salem case was not binding on the trial court. The only federal decisions binding upon the courts of our state are those of the United States Supreme Court. State v. Dwyer, 332 So.2d 333 (Fla. 1976).
This appeal presents two basic issues. First, whether Ordinance No. 75-9 is a valid exercise of the county's police power rather than a violation of the freedom of speech and expression guaranteed by the first amendment to the United States Constitution, Second, is the ordinance in conflict with Chapters 561 and 562, Florida Statutes (1975), which place the regulation of alcoholic beverages exclusively within the control of the Division of Beverage of the Department of Business Regulation?
Lee County, a non-charter county, is authorized to enact ordinances effective in its unincorporated areas, provided such ordinances are not inconsistent with general or special laws. Article VIII, Section 1(f), Florida Constitution. In enacting Ordinance No. 75-9, the County Commission of Lee County recited in one of the preambles of the ordinance that there was a direct relationship between "... concurrent consumption of alcoholic beverages and the nude and semi-nude activities [of females] ... and an increase in criminal activities, moral degradation, and disturbance of the peace and good order of the community." On this premise the county's elected commissioners, relying on the county's police power, sought to prohibit the above-outlined activities, as well as other activities described in other portions of the ordinance not invalidated by the trial court.[1]
Police power regulations which bear a substantial relation to the public health, peace, safety, morals, or welfare should be upheld where the ordinance is within the ambit of the legislative authority of the local government. Courts recognize the propriety in allowing people, through their elected officials, to exercise police power authority. City of Miami v. Kayfetz, 92 So.2d 798 (Fla. 1957).
The County Commissioners concluded there was a necessity for the ordinance. It is not our function to review the wisdom of their action. Rather, we should only determine if this ordinance is within the scope of their constitutional and statutory authority and demonstrates a rational exercise of their police power designed to correct conditions adversely affecting the public.
We reject the contentions that the ordinance is overbroad and violative of the constitutional guarantees of free speech and expression. First amendment protection is applicable only where a "communication element" is present. United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). In Hoffman v. Carson, 250 So.2d 891 (Fla. 1971), our supreme court quoted with approval from City of Portland v. Derrington, 253 Or. 289, 451 P.2d 111, cert. denied, 396 U.S. 901, 90 S.Ct. 212, 24 L.Ed.2d 177 (1969). There the Supreme Court of Oregon declared:
When nudity is employed as sales promotion in bars and restaurants, nudity is conduct. As conduct, the nudity of employees is a fit subject for governmental *919 regulation as is the licensing of the liquor dispensaries and the fixing of their closing hours. 451 P.2d at 113.
We agree. Adult females who choose to display their breasts in public to patrons in a bar, or who are required to do so by their employer, are engaged in conduct incident to a commercial endeavor. They are not expressing their right of free speech or expression.[2]
In California v. La Rue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), the United States Supreme Court considered state regulations which prohibited certain sexually explicit conduct, including "topless" and "bottomless" dancing, in licensed bars and nightclubs. The Court rejected the argument that these regulations were forbidden by the first amendment. Moreover, the Court did not find "irrational" the State Beverage Department's conclusion "that the sale of liquor by the drink and lewd or naked dancing and entertainment should not take place in bars and cocktail lounges for which it has licensing responsibility." 409 U.S. at 118, 93 S.Ct. at 397.
But even if there is no constitutional prohibition against police power regulation of the conduct proscribed by the ordinance, has the State of Florida preempted the right to regulate in this field?
Appellees correctly point out that the regulation and operation of establishments selling alcoholic beverages is by statute vested in the Division of Beverage which is granted full power or authority to adopt regulations to carry out the beverage laws of this state. Sections 561.02 and 561.11, Florida Statutes (1975). Local control over establishments selling alcoholic beverages is limited to: (1) hours of operation; (2) location of business; and (3) sanitary regulations. Section 562.45(2), Florida Statutes (1975).
We recognize the limited areas within which local government can legislate; however, there is a distinct difference between enactments which govern conduct of individuals while on the premises of their establishments, as opposed to the regulation of the licensees themselves in the sale and dispensing of alcoholic beverages. Illustrative of the distinctions are two decisions of the Supreme Court of Florida. In State ex rel. Anthony Distributors, Inc. v. Pickett, 59 So.2d 856 (Fla. 1952), it was held an ordinance which authorized the City of Sarasota to investigate the character of licensees and to decline licenses to those it determined to be unfit was in direct contravention of the Beverage Act, Chapters 561 and 562, Florida Statutes (1951).
On the other hand, during an era when local governments were permitted to exercise their police power in a more protective manner in respect to women, the City of Miami passed an ordinance prohibiting barmaids from selling intoxicating liquors by the drink over the bar. In Nelson v. State ex rel. Gross, 157 Fla. 412, 26 So.2d 60 (Fla. 1946), the court found that ordinance was not in conflict with the provisions of the Beverage Act, noting that the state plan of regulation did not cover that area. Similarly, in City of Miami v. Jiminez, 130 So.2d 109 (Fla.3d DCA 1961), the Third District Court of Appeal upheld a City of Miami ordinance prohibiting female employees in drinking establishments from accepting drinks paid for by customers. When Pickett, Nelson and Jiminez were decided, the Beverage Act, just as it does now, limited local authorities to regulating hours of operation, location, and sanitary requirements for liquor establishments.
As in Nelson, the statutory scheme of state regulations does not embrace the area of conduct covered by the Lee County ordinance. We conclude that the ordinance now before us is one directed at the discipline and good order of persons while in establishments selling alcoholic beverages, and does not in any manner interfere or conflict with the state's regulation of the sale of such beverages.
*920 In sum, we have determined the assailed provisions of Ordinance No. 75-9 have a rational basis and represent a valid exercise of Lee County's police power. Further, the acts proscribed by the ordinance represent conduct rather than speech or expression, and as such there is no contravention of the constitutional guarantees of free speech and expression. Finally, we have concluded that the provisions of the ordinance are not in conflict with the Beverage Act.
REVERSED.
McNULTY, Acting C.J., and GRIMES, J., concur.
NOTES
[1] The portions of the ordinance not invalidated by the trial court are as follows:

SECTION 2. PROHIBITION
2.1 It shall be unlawful ...
(A) ...
(B) To suffer or permit any female person, while on the premises of said commercial establishment, to employ any device or covering which is intended to give the appearance of or simulate such portions of the human female breast as described in Section 3.1(A).
(C) To suffer or permit any person, while on the premises of said commercial establishment, to expose to public view his or her genitals, pubic area, buttocks, anus, or anal cleft or cleavage.
2.2 ...
2.3 It shall be unlawful for any person, while on the premises of a commercial establishment located within the unincorporated areas of Lee County, Florida, at which alcoholic beverages are offered for sale for consumption on the premises, to expose to public view his or her genitals, pubic area, buttocks, anus, or anal cleft or cleavage, or to employ any device or covering which is intended to give the appearance of or simulate the genitals, pubic area, buttocks, anus or anal cleft or cleavage.
[2] We do not mean to imply that nudity can never be expression protected by the first amendment, only that it is not under the circumstances of this case. In the format of a legitimate stage production for example, we might very well find nudity to be expression. See generally, California v. La Rue, 409 U.S. 109, 114, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972).