**City of Daytona Beach v. Ducille**
Case No. V82-6886-DB
**City of Daytona Beach v. Grier**
Case No. V82-6880-DB
County Court, Volusia County
September 23, 1982

Frank G. Gummey, City Attorney, for plaintiff.

Eric A. Latinsky, for defendants Ducille and Grier.

NORTON JOSEPHSON, County Court Judge.

THIS CAUSE came on to be heard on the Defendant's Motions to Dismiss the charges filed against them by the City of Daytona Beach. This is the case of the bottomless ordinance.

The Defendants are charged with Violation of City Ordinance 5-25(a) which provides as follows:

"No person shall expose to public view his or her genitals, pubic area, vulva, anus, anal cleft or cleavage or *buttocks* or any simulation thereof in an establishment dealing in alcoholic beverages."

The charging instrument (SA-751) alleges that Ms. Ducille "while employed by the above establishment and performing on stage in front

of an audience of approx. 20 people perform three dances where *her buttocks were exposed to view*. The small panties that the def. was wearing would slide into the anal cleft and the def. made no attempt to correct the violation.''

With reference to Ms. Grier, the charging instrument (SA-751) states, ''Def. wore a G-string type lower panty set that clearly *revealed def's buttocks*. Panty covered the front area of def., but only had a thin string down rear buttocks area.''

The Defendant's Motions to Dismiss raises several points, one of which can be referred to as a C-4 Motion in which it is asserted that there are no material disputed facts and the undisputed facts failed to establish a prima facie case. One of the facts asserted in the Motions to Dismiss was that the defendant's buttocks were at least ''partially covered.''

The City did not traverse the Motion to Dismiss so that the factual matters alleged in the Motion to Dismiss are deemed admitted. (See Rule 3.190(d) FrCP)

The defendants also assert in their Motions to Dismiss the constitutionality of the Ordinance on several grounds.

The constitutionality of the Ordinance and Ordinances of similar nature have already been declared constitutional by our Appellate Courts and the constitutionality of this particular ordinance is now pending in the Circuit Court in this Judicial Circuit. (See *Board of Commissioners of Lee County v. Dexterhouse* 348 So.2d 916 affirmed, *Martin v. Board of County Commissioners of Lee County*, 364 So.2d 449, appeal dismissed, 99 S.Ct. 2024, *Del Percio v. City of Daytona Beach*, V81-11598-DB appeal number 82-1243-CA-01-D)

It is a long established rule that Courts will not consider the constitutionality of an ordinance unless it is necessary to do so in order to dispose of the problem at hand (*North American Company v. Green* 120 So.2d 603)

In the case at bar, the Court finds that it is not necessary to consider the Constitutionality of the specific section of the ordinance attacked in order to dispose of the matter. This matter can be disposed of on a factual basis, rather than as a matter of law.

The City, by failing to file a traverse to the Motions to Dismiss admits that the defendant's *buttocks were partially covered*.

"Buttocks" as defined in Webster's Seventh New Collegiate Dictionary is as follows:

"Either rounded half of the lower part of the back together forming the part on which a person sits."

It is also defined in Gould Medical Dictionary 3rd Edition, McGraw-Hill, Inc., as being:

"One of the two fleshy parts of the bodys posteria to the hip joint."

By the definitions there is no precise point at which the buttocks begins or ends and covers a wide undefined area.

At least the ordinance in question, by proscribing the exposure of breasts has a reference point by prohibiting the exposing of the breast "below the top of the areola" (See Section 5-25(g)). This is a reasonable restraint, otherwise any person entering an establishment where alcoholic beverages are served and wearing a low cut dress would be subject to violation, having exposed the upper portion of her breast.

In todays society where the female dress code is quite liberal, especially in bathing suit wear where female persons wear bikinis and french cut bathing suits, much of their buttocks are exposed to public view and can even be seen on television advertisements. One might even include females who wear "short shorts" and do their shopping in supermarkets where alcoholic beverages are sold (See *Steffens v. State* 343 So.2d 90)

In *Florida State Racing Commission v. McLaughlin* 120 So.2d 574 it was held that the use by the Legislature of a comprehensive term ordinarily indicates everything embraced within the term.

In construing an ambiguous statute it is proper to take into consideration the particular evils at which the legislation is aimed or mischief sought to be awarded (30 Fla Jur, Page 203)

The word buttocks by medical definition and common language is to say the least ambiguous for one cannot define the beginning or ending of that part of the anatomy. The evil sought to be avoided by this ordinance is nude dancing, not semi-nude dancing. To construe the ordinance to read partially exposed buttocks would place an unbridled discretion upon the Courts to determine how much of the buttocks should be partially exposed in order to find a violation of the ordinance.

It is therefore the interpretation of this Court that in order to find any person in violation of the ordinance, all of his or her buttocks must be exposed.

Admitting that the defendant's buttocks were partially covered the Court finds that the City is unable to prove a prime facia case.

With reference to the Defendant Ducille, she is charged with a second violation of Ordinance 5-25 in that the charging instrument (SA-751) alleges as follows:

> "While employed by the above establishment approach an unidentified white male in the area of the pin ball machine and allow herself to be hugged and kissed. The white male was further observed to caress and fondle the co-def *around the area of the buttocks* in plain view of approx. 30 patrons in the establishment."
> underlines supplied.

Section 5-25(e) which states:

> "No person shall engage in and no person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any sexual intercourse, masturbation, sodomy, beastiality, oral copulation, flagellation, any sexual act which is prohibited by law, touching, carressing or fondling of the breast, buttocks, anus or genitals or the simulation thereof within an establishment dealing in alcoholic beverages."

The ordinance requires the touching or fondling of the "buttocks" not the "area of the buttocks" as alleged in the charging instrument. It is therefore the opinion of this Court that the charging instrument is defective in failing to state a violation of 5-25(e) of the ordinance, it is therefore

ORDERED AND ADJUDGED that the Motions to Dismiss against these defendants on the charges pending against them, be and the same, are hereby dismissed.