## LEVY v. GILMAN
Case No. 82-4997
County Court, Orange County
December 2, 1982

Sid Levy, *pro se.*

Gary W. Udouu, Michael S. Wilson, for defendants.

J. C. STONE, JR., County Judge.

The Defendants filed a Motion to Quash Service of Process. That motion was inadvertently set for hearing on two dates: November 22, 1982, and November 23, 1982. The Defendant's counsel did not receive notice of the hearing on the 22nd but the Court heard argument by counsel for the Plaintiff (who apparently was engaged by the Plaintiff for that appearance only). On November 23, 1982, the Plaintiff appeared and announced he had not engaged counsel for this date. The Court heard arguments by counsel for the Defendants and additional comments by the Plaintiff appearing *pro se.*

The only issue before the Court is whether §48.183, F.S.(1981), is unconstitutional because it violates the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in light of the holding of the Supreme Court in *Greene v. Lindsey,* 456 U.S.____, 72 L.Ed. 2d 249, 102 S. Ct. 1874, 50 LW4483 (May 17, 1982).

In this case, the Plaintiff filed an eviction of tenant action under Chapter 83, F.S. (1981), to recover possession of an apartment in a building containing several other apartments. Service of the summons was affected by posting on the door of the apartment on November 8, 1982, pursuant to §48.183. The Defendants learned of the action when they returned to the apartment on November 13, 1982. Counsel for the Defendants filed the Motion to Quash Service of Process on November 15, 1982, as provided in Florida Rules of Civil Procedure 1.140(b) without consenting to jurisdiction of the Court.

The Kentucky Statute considered in *Green* states:

"If the officer directed to serve notice on the defendant in forcible entry or detainer proceedings cannot find the defendant on the premises mentioned in the writ, he may explain and leave a copy of the notice with any member of the defendant's family thereon over sixteen years of age, and if no such person is found he may serve the notice by posting a copy

> thereof in a conspicuous place on the premises. The notice shall state the time and place of meeting of the court.''

While the Florida Statute provides:

> ''Service of process in action for possession of residential premises.-In an action for possession of residential premises under §83.59, if neither the tenant nor a person of the tenant's family 15 years of age or older can be found at the usual place of residence of the tenant, summons may be served by attaching a copy to a conspicuous place on the property described in the complaint or summons.

Plaintiff's counsel argues that the *Greene* case, supra, is distinguishable on its facts since that case involved Defendants who did not learn of the eviction proceedings until it was too late. They had all been served with Writs of Possession and the time for appeals had expired. In effect, this argument asserts that any constitutional defect is cured by ''actual notice'' of the impending action. Such is not the state of the law, however. Jurisdiction over a party can be acquired only by service of process or by consent. See *13 Fla. Jur, 2d Courts and Judges, §103.* The argument could be made that this action is an *in rem* action (i.e. against the property rather than the person) but that contention was found unpersuasive in *Tyler v. Court of Registration,* 55 N.E. 812, (Mass. Appl 1900) where it was said ''—[a]ll proceedings like all rights, are really against persons.'' The Court in *Greene* adopted this reasoning.

Counsel for the Defendants urges that the service of process should be quashed because it is based on a statute nearly identical to a Kentucky Statute held unconstitutional in *Greene.* A careful reading of these statutes, set forth above, reveals no substantive difference. The Court in *Greene* considered evidence to the fact that notices posted on the door were ''not infrequently'' removed by children or other tenants. It also noted that the Kentucky Statute made no provision for a second attempt at personal service. Indeed, footnote 1 of that opinion indicated the usual procedure in Kentucky was: ''First, the officer goes to the apartment in an effort to effectuate personal in-hand service. Second, if the named tenant is absent or will not appear at the door, personal in-hand service is made on any member of the tenant's family over sixteen years of age. Finally, if no one answers the door, a copy of the notice is posted on the premises, usually the door.'' The practice here in Orange County appears to be indentical since the statute permits it. Thus, this Court believes there is no substantial difference in either the statute or the facts cited in *Greene.*

It is well settled that Federal decisions by the United States Supreme Court are binding upon Courts in the State of Florida. *Commissioners of Lee County v. Dexterhouse,* 348 So. 2d 916 (Fla. 2nd DCA 1977). This Court is aware of the decision by the Florida Supreme Court in *Lane v. Birth,* 313 So 2d 91 (Fla. Sup. Ct. 1975) but the only constitutional question addressed there was whether §48.183 was an unconstitutional attempt by the Legislature to regulate practice and procedure in the Courts.

Believing itself to be advised in the premises and based upon the foregoing, it is therefore

ORDERED AND ADJUDGED AS FOLLOWS:

1. That §48.183 of the Florida Statutes (1981) be and the same is hereby declared unconstitutional and void as a violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

2. The Service of Process on the Defendants in this cause is hereby quashed.

3. The Writ of Possession issued by this Court is hereby vacated.

4. That, upon application by the Plaintiff, the Clerk of this Court shall issue a Pluries Summons and the same shall be served by the Sheriff of Orange County without further cost to the Plaintiff.