446 So.2d 1099 (1984)
Richard FILLINGIM, Jesse Herndon, Valynda Rathburn, Lois Kibe, Cynthia Kimbrell and Suzanne Sims, Petitioners,
v.
STATE of Florida, Respondent.
No. AS-436.
District Court of Appeal of Florida, First District.
February 8, 1984.
Rehearing Denied February 8, 1984.
*1100 James C. Banks, Tallahassee, for petitioners.
Donald S. Modesitt, State Atty., Ted N. Williams, Asst. State Atty., and F.E. Steinmeyer, III of Folsom & Steinmeyer, Tallahassee, for respondent.

ON PETITION FOR WRIT OF CERTIORARI
ERVIN, Chief Judge.
Petitioners, charged with violation of Leon County Ordinance No. 82-32, filed a motion to dismiss, challenging the constitutionality of the ordinance, which was denied by the county court. Pleas of nolo contendere were subsequently entered by petitioners, reserving their rights to appeal the order denying the dismissal. On appeal to the circuit court, the order of the county court was affirmed. They now petition this court for a writ of certiorari, which we deny.
Section 7 of the challenged ordinance prohibits the following types of conduct:
Section 7. Prohibition:
(a) It shall be unlawful for any person to engage in nude or semi-nude entertainment in any commercial establishment at which alcoholic beverages are, or are available to be, sold, dispensed, consumed, possessed or offered for sale or consumption on the premises.
(b) It shall be unlawful for any female person, while on the premises of a commercial establishment at which alcoholic beverages are, or are available to be, sold, dispensed, consumed, possessed or offered for sale or consumption on the premises, to expose to public view that area of the human female breast at or below the areola thereof or to employ any device or covering which is intended to give the appearance of or simulate such areas of the female breast as described herein.
(c) It shall be unlawful for any person, while on the premises of a commercial establishment at which alcoholic beverages are, or are available to be, sold, dispensed, consumed, possessed or offered for sale or consumption on the premises, to expose to public view his or her genitals, pubic area, buttocks, anus or anal cleft or cleavage or to employ any device or covering which is intended to give the appearance of or simulate the genitals, pubic area, buttocks, anus or anal cleft or cleavage.

*1101 (d) It shall be unlawful for any person owning, maintaining, operating or leasing any commercial establishment at which alcoholic beverages are, or are available to be, sold, dispensed, consumed, possessed or offered for sale or consumption on the premises to suffer or permit any person on the premises to engage in nude or semi-nude entertainment.
(e) It shall be unlawful for any entertainer, performer or employee, while on the premises of a commercial establishment regulated under this ordinance to dance in such a manner as to simulate sexual activity with any patron, spectator, employee or other person not employed therein.
(f) It shall be unlawful for any entertainer, performer or employee, while on the premises of a commercial establishment regulated under this ordinance, to sit upon or straddle the leg, legs, lap or body of any patron, spectator or other person therein, or to engage in or simulate sexual activity while touching or being touched by said patron, spectator or other person.
(g) It shall be unlawful for any person owning, maintaining, operating or leasing a commercial establishment regulated under this ordinance to suffer or permit any violation of subsections (e) or (f) of this ordinance.
(h) It shall be unlawful for any person, while on the premises of a commercial establishment regulated under this ordinance, to use or be present in areas partitioned or screened from public view that are designed to be occupied together or alone by any person or persons on the premises of such establishment for sexual contact or private dancing performances.
(i) It shall be unlawful for any person owning, maintaining, operating or leasing a commercial establishment regulated under this ordinance to suffer or permit the construction, maintenance or use of areas partitioned or screened from public view that are designed to be occupied together or alone by any person or persons on the premises of such establishment for sexual contact or private dancing performances.
(j) It shall be unlawful for any person owning, maintaining, operating or leasing a commercial establishment regulated under this ordinance to suffer or permit any outside advertisement which encourages, solicits, induces or promotes conduct or activities proscribed by this ordinance in such establishment.
Petitioners challenge the adoption of the ordinance as an invalid exercise of the county's police power, contending, more particularly, that sufficient governmental interests were not advanced in the ordinance to justify infringement of constitutional guarantees of free speech and expression, and that the ordinance was so poorly drafted as to be unconstitutionally overbroad or vague. We reject all these arguments.
The United States Supreme Court's decisions in California v. LaRue,[1] 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972) and New York State Liquor Authority v. Bellanca,[2] 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981), provide clear-cut authority permitting states to regulate nude entertainment in the exercise of their broad *1102 police power, conferred upon them by the Twenty-First Amendment, to control the sale or use of intoxicating beverages within their boundaries. The most significant factor considered by the Court in determining the validity of the states' exercise of power to restrict such conduct is that such regulations do not purport to inhibit topless dancing in "any public place," but only in establishments licensed by the state to serve liquor.[3] The Court has not applied obscenity standards, and has moreover acknowledged that the regulations involved in those cases would proscribe some forms of visual presentation that would not be found obscene. Nevertheless, it has ruled that nude entertainment, carried out on premises licensed for the sale of alcoholic beverages, was conduct which the states were entitled to direct under the Twenty-First Amendment.[4]
The Twenty-First Amendment to the United States Constitution provides the source of the state's police power of regulation over the distribution or use of intoxicating beverages. We agree with petitioners' argument that the Twenty-First Amendment does not directly confer authority upon municipalities or counties to oversee conduct in licensed beverage premises; that authority is, however, derived from our state's constitution and statutes. See Article VIII, section 2(b) and 5 (as to municipalities) and Article VIII, section 1(f) (as to non-chartered counties), Florida Constitution (1968). Non-chartered counties such as Leon County are vested with broad powers of self-government under section 1(f); the only expressed limitation upon their power to act is that their ordinances be not inconsistent with general or special law, or conflict with a municipal ordinance adopted by a municipality within the county. No one has argued that any municipal ordinance within Leon county conflicts with Ordinance 82-32. Nor do we perceive any inconsistency between the ordinance and general or special law. Admittedly, section 125.01(1)(o), Florida Statutes, when read without reference to other portions of section 125.01, offers support to petitioners' argument that Leon County is without authority to regulate nude entertainment on licensed beverage premises inside the incorporated areas of the county, in that it empowers counties to "[e]stablish and enforce regulations for the sale of alcoholic beverages in the unincorporated areas of the county pursuant to general law... ." (e.s.) When the above subsection is construed in pari materia with other subsections of section 125.01, we find that counties are given broad powers to regulate. For example, section 125.01(1), Florida Statutes, states that "[t]he legislative and governing body of a county shall have the power to carry on county government ... [and] [t]o the extent not inconsistent with general or special law, this power shall include, but shall not be restricted to, the power to:
(t) Adopt ordinances and resolutions necessary for the exercise of its powers and prescribe fines and penalties for the violation of ordinances in accordance with law.
* * * * * *

*1103 (w) Perform any other acts not inconsistent with law which are in the common interest of the people of the county, and exercise all powers and privileges not specifically prohibited by law."

We therefore conclude that the ordinance as adopted cannot be considered an ultra vires act of the Leon County Commission. See also Patch Enterprises, Inc. v. McCall, 447 F. Supp. 1075 (M.D.Fla. 1978); Board of County Commissioners of Lee County v. Dexterhouse, 348 So.2d 916 (Fla. 2d DCA 1977), approved by the Florida Supreme Court in Martin v. Board of County Commissioners of Lee County, 364 So.2d 449 (Fla. 1978).
As did the court in Dexterhouse we find that the statutory scheme of the state's beverage law does not embrace the area of conduct covered by the Leon County ordinance, and that the ordinance is directed toward the discipline and good order of persons in establishments where alcoholic beverages are, or are available to be, sold, dispensed, consumed, possessed or offered for sale or consumption on the premises, without interfering or conflicting with the state's regulation of the sale of such beverages. See also City of Miami Springs v. J.J.T., Inc., 437 So.2d 200 (Fla. 3d DCA 1983).
We have not ignored petitioners' argument that Dexterhouse has been implicitly overruled by such decisions as Shad v. Borough of Mount Ephraim, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981), and Grand Faloon Tavern, Inc. v. Wicker, 670 F.2d 943 (11th Cir.1982). Shad is distinguishable from the facts both in Dexterhouse and the present case. Shad involved a zoning ordinance which had provided that live nude dancing was not a permitted use in any establishment in the Borough. The United States Supreme Court recognized that nude dancing is a form of expression that is not without First Amendment protections from official regulation, and found that the ordinance was too broadly drawn to respond to distinctive problems arising from such entertainment, and consequently that the Borough did not meet its burden of justifying such a substantial restriction of protected activity. 452 U.S. at 72, 101 S.Ct. at 2184.
The Grand Faloon decision is  notwithstanding petitioners' reliance  supportive of the result reached in Dexterhouse. Grand Faloon involved a municipal ordinance prohibiting nude entertainment in establishments where alcoholic beverages were sold. The Eleventh Circuit held that even if nude barroom dancing were accorded full constitutional protection, the record supported sufficient justification for the incidental burden created by the ordinance under the four-prong test in United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968):
[1] [I]f it is within the constitutional power of the Government;
[2] if it furthers an important or substantial government interest;
[3] if the governmental interest is unrelated to the suppression of free expression; and
[4] if the incidental restriction on ... First Amendment freedoms is no greater than is essential to the furtherance of that interest.
Id. at 377, 88 S.Ct. at 1679. One significant factor influencing the court's decision was that the ordinance involved a separation of uses, rather than a complete ban on nude entertainment. The separation of nudity and alcohol was thus considered the least burdensome approach to remedying the problem of increased criminal activity at establishments where such uses were combined.
We find the same separation of uses apparent in the ordinance on review. Leon County's interest in regulating nude entertainment under the circumstances presented is unrelated to the suppression of free expression, since the ordinance does not impose a total ban on nude entertainment in the county, but is rather responsive to the distinctive problems associated with the combined uses of nudity and alcohol at commercial establishments, and, as such, *1104 represents a legitimate restriction on such entertainment.
The predicate for adopting the ordinance, based on the testimony of Sheriff Boone before the County Commission of Leon County, relating his observations of the effects of the proscribed conduct on other communities, is set forth in section 4 of the ordinance, which recites that
[t]here is a direct relationship between the consumption of alcoholic beverages and the nude or semi-nude activities ..., prohibited hereunder, . .. and an increase in criminal activities, moral degradation, and disturbances of the peace and good order of the community, and the concurrency of these activities is hazardous to the health and safety of those persons in attendance, and tends to depreciate the value of adjoining property and harm the economic welfare of the community as a whole.
Accordingly, we find that the County Commission has advanced a sufficient governmental interest demonstrating that its exercise of police power bears a substantial relation to the public health, peace, safety, morals or welfare within its ambit of the legislative authority.[5]See Bellanca, supra; Dexterhouse, supra; cf. City of Pompano Beach v. Big Daddy's, Inc., 375 So.2d 281 (Fla. 1979); Hardage v. City of Jacksonville Beach, 399 So.2d 1077 (Fla. 1st DCA 1981).
We reject also petitioners' contentions that the ordinance is overbroad or void for vagueness, and find that the ordinance sufficiently defines and describes its proscriptions[6] in terms of place,[7] type of conduct, and the extent of exposure[8] forbidden. We therefore conclude that Leon County Ordinance No. 82-32 is a valid and constitutional exercise of Leon County's police power.
The petition for writ of certiorari is denied.
THOMPSON and NIMMONS, JJ., concur.
NOTES
[1] LaRue observed the existence of an added presumption in favor of the validity of the state regulation in this area that the Twenty-First Amendment requires, and upheld the constitutionality of rules promulgated by California's Department of Alcoholic Beverage Control, the substance of which prohibited licensed bars or nightclubs from displaying, either in the form of movies or live entertainment, performances that partake more of gross sexuality than of communication.
[2] Bellanca involved the constitutional validity of a state statute prohibiting nude dancing in establishments licensed by the state to sell liquor for on-premises consumption, which the Supreme Court determined was within the state's power under the Twenty-First Amendment. In sustaining the statute, the Court noted that whatever artistic or communicative value that might attach to topless dancing was overcome by the state's exercise of its broad powers under the amendment.
[3] The Supreme Court subsequently, in Doran v. Salem Inn, Inc., 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975)  a case not involving the constitutionality of an ordinance prohibiting nudity on premises licensed for beverage consumption  foresaw that such an ordinance, if appropriately drafted, might pass constitutional muster. The Court cited LaRue for the proposition that "although the customary `bar room' type of nude dancing may involve only the barest minimum of protected expression ... this form of entertainment might be entitled to... protection under some circumstances," id. at 932, 95 S.Ct. at 2568, and added that the ordinance would be constitutionally valid under LaRue if limited to places dispensing alcoholic beverages, but found the ordinance there was not so limited. Id. at 933-34, 95 S.Ct. at 2568-69.
[4] The Supreme Court has determined that First Amendment protection is applicable only where a "communicative element" is present. United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). (The Court observed that "when `speech' and `non-speech' elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms.") See also Grand Faloon Tavern, Inc. v. Wicker, 670 F.2d 943 (11th Cir.1982).
[5] The Court in Bellanca found that the governmental interests were sufficiently advanced where the following purposes of the statute were set forth in an accompanying Legislative memorandum:

"Nudity is the kind of conduct that is a proper subject for legislative action as well as regulation by the State Liquor Authority as a phase of liquor licensing. It has long been held that sexual acts and performances may constitute disorderly behavior within the meaning of the Alcoholic Beverage Control Law... .
"Common sense indicates that any form of nudity coupled with alcohol in a public place begets undesirable behavior. This legislation prohibiting nudity in public will, once and for all, outlaw conduct which is now quite out of hand."
[6] Cf. Marrs v. State, 413 So.2d 774 (Fla. 1st DCA 1982); Steffens v. Lugo, 343 So.2d 90 (Fla. 3d DCA 1977).
[7] Some of the terms in the prohibition section of the ordinance are defined as follows in section 6:

"(d) `[C]ommercial' means operated for pecuniary gain, which shall be presumed for any establishment which has received an occupational license. For purposes of this ordinance, operating for pecuniary gain shall not depend on actual profit or loss.
(e) `Establishment' means a physical plant or location or the commercial activities or operations being conducted, or both together, as the context of this ordinance may require.
(f) `Nude or semi-nude entertainment' consists of the following:
(i) The actual or simulated displaying of the genitals, vulva, pubic area, buttocks, anus or anal cleft or clevage.
(ii) The actual or simulated displaying by a female of the area of the human breast at or below the areola."
[8] Cf. § 800.03, Florida Statutes, Florida's indecent exposure statute, the constitutionality of which was upheld in Hoffman v. Carson, 250 So.2d 891 (Fla. 1971).