Mr. Michael H. Olenick County Attorney Martin County 50 Kindred Street Stuart, Florida 33497
Dear Mr. Olenick:
This is in response to your request for an opinion on substantially the following question:
 DOES s 351.03(3), F.S. (1984 SUPP.), AUTHORIZE A NONCHARTER COUNTY TO ADOPT AN ORDINANCE WHICH RESTRICTS AUDIBLE TRAIN WARNING SIGNALS DURING CERTAIN HOURS ONLY IN THE UNINCORPORATED AREA OF THE COUNTY?
You state in your inquiry that Martin County, a noncharter county, has adopted an ordinance which provides that "[n]o railroad train of a railroad company operating wholly within this state may emit an audible warning signal between 10:00 P.M. and 6:00 A.M. in advance of any public at grade crossing having train activated automatic control devices, which shall include flashing lights, bells, and crossing gates." However, the ordinance further provides that it "shall be applicable throughout the unincorporated area of Martin County." You state that the Florida East Coast Railway Company has questioned the authority of the county to pass such an ordinance, suggesting that such ordinance must include both incorporated and unincorporated areas to fall within the meaning and intent of s 351.03(3), F.S. (1984 Supp.). The railroad has agreed to abide by the terms of the ordinance until such time as this office can render an opinion on the authority for the ordinance.
I note preliminarily that any duly adopted county ordinance must be considered presumptively valid unless and until determined otherwise by a court of competent jurisdiction in appropriate legal proceedings. However, since you have expressly raised the question of the authority for the adoption of the foregoing ordinance at the behest of the affected railroad company, and to the extent that other local governments considering the adoption of similar ordinances may be in doubt as to the authority granted by s 351.03(3), F.S. (1984 Supp.), this office can make the following observations.
Section 351.03(3)(a), F.S. (1984 Supp.), provides as follows:
 No railroad train of a railroad company operating wholly within this state may emit an audible warning signal between the hours of 10 p.m. and 6 a.m. in advance of any public at-grade crossing with train-activated automatic traffic control devices, which include flashing lights, bells, and crossing gates, where the municipality or county has in effect an ordinance that unconditionally prohibits the sounding of railroad train horns and whistles during such hours at all public at-grade crossings so signalized within that municipality or county and where the municipality, county, or state has erected signs at the crossings involved announcing that railroad train horns and whistles may not be sounded during such hours. Signs so erected shall be in conformance with the uniform system of traffic control devices as specified in s. 316.0745. (e.s.)
Cf., s 351.03(2), F.S. (1984 Supp.), providing that, "[e]xcept as provided in subsection (3), any railroad train approaching within 1,500 feet of a public at-grade crossing shall emit a signal audible for such distance." The Florida East Coast Railway Company is one of two railroad companies "operating wholly within this state." See, AGO 85-22.
For purposes of your question, it would appear that the operative portion of the above statute is that portion which makes its terms applicable where a county ordinance "unconditionally prohibits the sounding of railroad train horns and whistles during such hours at all public at-grade crossings so signalized within that . . . county. . . ." (e.s.) The word "all" is defined as meaning the whole amount or quantity of; as much as possible; and every. Attorney General Opinion 80-8. See, 3A C.J.S. All, p. 244, stating that "the word `all' means all and nothing less than all"; Black's Law Dictionary 98 (Rev. ed. 1968). See also, Addison v. Holly Hill Fruit Products, 322 U.S. 607, 610-11 (1943) (statutory construction of the word "all" to mean "substantially all" not justified by literal reading of statute). Accordingly, I am unable to conclude that s 351.03(3), F.S. (1984 Supp.), operates to authorize a noncharter county to adopt an ordinance which restricts audible train warning signals during certain hours only in advance of some, but not all, appropriately signalized public at-grade crossings within that county over which railroad trains of railroad companies operating wholly within this state pass. See, AGO 85-22.
You suggest in your inquiry that a noncharter county's ordinance "would properly apply only to the unincorporated areas." I know of no provision of the Florida Constitution or of the general laws of the state which would require such a result, except where a county ordinance is in conflict with a municipal ordinance. See, s 1(f), Art. VIII, State Const., providing that "an ordinance [of a noncharter county] in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict." However, your inquiry notes that the City of Stuart, "the only municipality . . . within Martin County" affected by s351.03(3), F.S. (1984 Supp.), "has specifically declined enactment of an ordinance restricting audible warning signals." A county ordinance may be enforced throughout the county, in the cities as well as the unincorporated areas, if it is not in conflict with an ordinance of the city and deals with a matter that is susceptible to countywide regulation. Attorney General Opinions 73-477 and 71-223. See, Fillingim v. State, 446 So.2d 1099 (1 D.C.A. Fla., 1984), holding that a noncharter county's broad powers of self-government under s 1(f), Art. VIII, State Const., are limited only to the extent that ordinances enacted pursuant thereto cannot conflict with general or special law and cannot be enforced within a municipality if in conflict with a municipal ordinance. Thus, the jurisdiction of a noncharter county to adopt an ordinance restricting audible train warning signals during certain hours would be limited to the unincorporated areas of the county where every affected municipality in the county had in effect ordinances that conflicted with the county ordinance. In the absence of municipal ordinances in conflict with the county ordinance and in light of the provisions of s 351.03(3) which by its terms is applicable where a county ordinance prohibits the sounding of railroad train horns and whistles during such hours at all public at-grade crossings signalized within that county, it does not appear that s 351.03(3) operates to authorize a noncharter county to adopt an ordinance that restricts audible train warning signals at some, but not all, appropriately signalized public at-grade crossings within the county over which railroad trains of railroad companies operating wholly within the state pass.
Therefore, unless and until legislatively or judicially determined otherwise, I am of the opinion that s 351.03(3), F.S. (1984 Supp.), does not authorize a noncharter county to adopt an ordinance which restricts audible train warning signals during certain hours only in the unincorporated area of the county; in the absence of any conflicting municipal ordinances which would constitutionally limit the effect of a countywide restriction on such signals, a county ordinance prohibiting the sounding of railroad train horns and whistles during certain hours adopted pursuant to s 351.03(3) would be applicable to all appropriately signalized public at-grade crossings within the county over which railroad trains of railroad companies operating wholly within the state pass.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General