PER CURIAM.
Misty’s Cafe, Inc., the appellant, challenges the entry of an injunction prohibiting operation of its commercial establishment within Leon County. We affirm.
In October of 1993, appellant began operation of a restaurant in Leon County which featured “bottomless” dancers. That is, the dancers were wearing shirts or other articles of clothing over the top half of the torso, but were otherwise nude.
Article VII of the Leon County Code contains the following provision:
It shall be unlawful for any person to engage in nude or semi-nude entertainment in any commercial establishment at which alcoholic beverages are, or are available to be, sold, dispensed, consumed, possessed or offered for sale or consumption on the premises.
Section ll-167(d). The county code defines “nude or semi-nude entertainment” as consisting of the following:
(1) the actual or simulated display of the genitals, vulva, pubic area, buttocks, anus or anal cleft or cleavage. (2) The actual or simulated displaying by a female of the area of the human breast at or below the areola.
Article VII also defines establishment, commercial, and premises, among other terms. See § 11-162.
The City of Tallahassee has an ordinance which provides:
It is unlawful for any female person to appear or be in a place where food or alcoholic beverages are offered for sale or consumption on the premises, so costumed or dressed that one or both breasts are wholly or substantially exposed to public view.
Chapter 15, § 15-22, Tallahassee Municipal Code.
Appellant’s commercial establishment operates within an incorporated area of Leon County. Shortly after opening, Leon County sought an injunction prohibiting operation of appellant’s establishment in violation of Chapter 11 of the Code of Leon County.
In its memorandum of law filed in opposition to the motion for injunctive relief, appellant argued that the city and county ordinances cited above were in conflict, and therefore the ordinance of Leon County, which is a non-chartered county, is subordinate to the ordinance passed by a municipality. See, Article VIII, § 1(f), Florida Constitution. Accordingly, appellant was obliged *172 only to comply with the city ordinance. Because the city ordinance by its terms prohibits only topless dancing, there was no basis to enjoin the appellant from violations of the law. Appellant also urges in its argument below that the county was without authority to establish and enforce regulations for the sale of alcoholic beverages in the incorporated area of the county. Section 125.01(l)(o), Florida Statutes, authorizes counties to establish regulations regarding the sale of alcohol only in unincorporated areas of the county. After a hearing in the cause, the lower court issued an order granting injunctive relief sought by Leon County. This appeal followed.
On appeal, appellant again argues that the Leon County ordinance is inapplicable to it because of the conflict with the city ordinance noted above. Appellant additionally renews its argument that the county ordinance is in conflict with section 125.01(l)(o), Florida Statutes, and therefore the county ordinance is unenforceable. Further, appellant argues that the county ordinance at issue is void ah initio because it was not properly enacted.
Leon County argues in response that the two ordinances are not in conflict but are supplemental. Appellant concedes that the invalid enactment argument was not raised below, but argues that this issue raises a fundamental error and therefore is cognizable on appeal.
As suggested by appellant, Article VIII, § 1(f) of the Florida Constitution provides that an ordinance of a non-chartered county shall be ineffective in the incorporated areas of the county when the county ordinance is “in conflict” with a municipal ordinance. The term conflict is not defined in the constitution. In Florida Board of County Commissioners of Dade County v. Wilson, 386 So.2d 556, 560 (Fla.1980), the supreme court, citing State ex rel. Dade County v. Brautigam, 224 So.2d 688 (Fla.1969) referred to an ordinance as being “in conflict” with general law when the ordinance was not able to “coexist” with a legislative provision. The term “coexist” is not defined in Florida County Commissioners or in Brautigam.
Obviously, the county ordinance in question is much broader in scope than the city ordinance. While they are not identical, the ordinances are not mutually exclusive. We cannot agree that the county ordinance is ineffective within the incorporated areas of the city simply because it is not identical in its scope to a city ordinance. If appellant’s argument is correct — that a county ordinance must yield in the incorporated areas of the county when it is not identical in scope to a city ordinance — then a county is only able to enact ordinances that mirror city ordinances already in existence. In other words, a county would be able to criminalize only what the city has already criminalized. We cannot agree that such a result was intended by Article VIII, § 1(f). In sum, we find that the statutes do coexist, and provide by their mutual operation that nude dancing, without regard to “bottomless” or “topless” distinctions, is not permitted within the incorporated areas and unincorporated areas of the county.
The issue raised with regard to the alleged conflict with section 125.01(l)(o), Florida Statutes, was addressed in Fillingim v. State, 446 So.2d 1099 (Fla. 1st DCA 1984), and we find no basis in the instant appeal for revisiting this well-established case.
As for the third issue raised by appellant, whether the county ordinances were void ab initio as being invalidly enacted, we cannot agree that this error constitutes “fundamental error.” Fundamental error is error which goes to “the foundation of the case.” Sanford v. Rubin, 237 So.2d 134 (Fla.1970). We therefore decline to reach the issue regarding the validity of the initial enactment of the county ordinance, since this issue was not presented in the proceeding below.
Accordingly, the order under review is AFFIRMED.
SMITH, LAWRENCE and BENTON, JJ., concur.