Mr. Alan C. Jensen Atlantic Beach City Attorney Post Office Box 50457 Jacksonville Beach, Florida 32240-0457
Dear Mr. Jensen:
You ask substantially the following question:
May the City of Atlantic Beach enact an ordinance providing for the revocation of the occupational license for an establishment found to be selling alcoholic beverages to underage persons?
In sum:
The City of Atlantic Beach may not enact an ordinance providing for the revocation of the occupational license for an establishment found to be selling alcoholic beverages to underage persons without conflicting with the state's regulation of the sale of alcoholic beverages.
Section 205.042, Florida Statutes, authorizes municipalities to levy, by resolution or ordinance, an occupational license tax for the privilege of engaging in a business, profession, or occupation within its jurisdiction. Specific conditions upon this authority are set forth in section 205.043, Florida Statutes, including that licenses be based upon a reasonable classification, be uniform throughout the class and that they be valid for no more than one year, expiring on September 30 of each year.
Any person who engages in a business subject to a license tax without first obtaining a local occupational license is subject to a 25 percent penalty, in addition to any other penalties provided by law or ordinance.[1] If the tax remains unpaid for 150 days after the initial notice of tax due, the person is subject to civil actions and penalties, as well as costs and fees and a penalty of up to $250.[2]
Section 205.0532, Florida Statutes, specifies that a local government issuing an occupational license "may revoke or refuse to renew such license if the individual, business, or entity, or parent company of such individual, business, or entity, is doing business with Cuba." Besides the civil actions and penalties that are contemplated under Chapter 205, Florida Statutes, for failure to pay the occupational license tax, the authority to revoke or refuse to renew an occupational license for engaging in business with Cuba appears to be the only legislatively recognized sanction for specific behavior by the holder of an occupational license.
It is the Legislature that possesses the inherent authority to impose taxes upon professions and businesses, such that units of local government must derive their taxing power from the state.[3]
This office has previously concluded that Chapter 205, Florida Statutes, preempts the regulation of local occupational license taxes and precludes a local government from enacting an ordinance otherwise affecting the issuance or sale of such licenses.[4]
Section 562.11(1)(a), Florida Statutes, makes it
"unlawful for any person to sell, give, serve, or permit to be served alcoholic beverages to a person under 21 years of age or to permit a person under 21 years of age to consume such beverages on the licensed premises. Anyone convicted of violation of the provisions hereof is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083."
Section 561.706, Florida Statutes, however, states that "[t]he license of a vendor qualified as a responsible vendor under this act may not be suspended or revoked for an employee's illegal sale or service of an alcoholic beverage to a person who is not of lawful drinking age. . . ."[5]
It is "unlawful for any person to violate any provision of the Beverage Law, and any provision of the Beverage Law for which no penalty has been provided shall be guilty of a misdemeanor of the second degree. . . ."[6] The Beverage Law[7] further provides that nothing contained within its terms is to be construed to preclude a county or municipality from enacting ordinances regulating the hours and location of places of business, and prescribing sanitary regulations for licensees.[8] Moreover, counties and municipalities may enact ordinances regulating the type of entertainment and conduct permitted in a licensed establishment.[9]
The statute further provides, however, that counties and municipalities may not enact ordinances regulating or prohibiting activities or business transactions of a licensee regulated by the Division of Alcoholic Beverages and Tobacco under the Beverage Law.[10]
The state regulations contained in the Beverage Law clearly cover the area of conduct that the city proposes to regulate and, therefore, would preempt the city's efforts to impose the additional penalty of revoking an establishment's occupational license for serving alcoholic beverages to underage persons.[11]
Accordingly, it is my opinion that the City of Atlantic Beach may not enact an ordinance providing for the revocation of the occupational license for an establishment found to be selling alcoholic beverages to underage persons.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 205.053(2), Fla. Stat.
[2] Section 205.053(3), Fla. Stat.
[3] Cf., Contractors and Builders Association of Pinellas Countyv. City of Dunedin, 329 So.2d 314, 317 (Fla. 1976), pet. forcert. den., 444 U.S. 867 (1979); Belcher Oil Company v. DadeCounty, 271 So.2d 118, 122 (Fla. 1972). See generally, 53 C.J.S.Licenses s. 9.
[4] See, Ops. Att'y Gen. Fla. 90-25 (1990) (county has no authority to establish by ordinance any system for issuing or selling occupational licenses other than as provided in Ch. 205, Fla. Stat.); 84-65 (1984) (Ch. 205, Fla. Stat., sets forth the exclusive procedure for the issuance or sale of occupational licenses and the collection of occupational license taxes; county may not establish any method for selling such licenses or collecting such taxes in conflict therewith); 84-91 (1984) (power conferred and duty imposed on county tax collector by s. 205.053, Fla. Stat., to issue or sell county occupational licenses or to collect the county occupational license tax and to apportion and distribute the revenues may not be transferred by ordinance to the local government code enforcement board).
[5] Section 561.705, Fla. Stat., sets forth the criteria to qualify as a responsible vendor under the "Florida Responsible Vendor Act," Chapter 561, Fla. Stat.
[6] Section 562.45(1), Fla. Stat.
[7] Chapters 561, 562, 563, 564, 565, 567, and 568, Fla. Stat.
[8] Section 562.45(2)(a), Fla. Stat.
[9] Section 562.45(2)(b), Fla. Stat.
[10] Section 562.45(2)(c), Fla. Stat. Cf., Board of CountyCommissioners of Lee County v. Dexterhouse, 348 So.2d 916 (Fla. 2d DCA 1977), affirmed, 364 So.2d 449 (Fla. 1978), appealdismissed, 441 U.S. 918 (1979) (ordinance prohibiting display of female breasts in establishment licensed to sell alcoholic beverages for consumption on the premises was directed at discipline and good order of persons while in such establishments did not interfere or conflict with state's regulation of the sale of alcoholic beverages and was not void on theory that the state had preempted the right to regulate the field).
[11] Cf., Op. Att'y Gen. Fla. 83-67 (1983), in which this office concluded that a noncharter county has the police power and home rule power to prohibit by ordinance the consumption of alcoholic beverages, including beer, on a semi-public parking lot, public street or public right-of-way and the carrying, transporting, or possession of unsealed alcoholic beverages, including beer, except in the original package with the seal unbroken, on a semi-public parking lot, public street, or public right-of-way; such an ordinance does not conflict with s. 562.453, Fla. Stat., nor does regulation of such activity appear to be preempted to the state or otherwise restricted by general or special law.